UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 25, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Plaintiff,<br><br>v.<br><br>xpedx,<br><br>TOWN OF WILMINGTON, and<br><br>MICHAEL BEGONIS, as Chief of Police of Town of Wilmington,<br><br>Defendants. | Case No.: 12-11961 |

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

1. This is an action for injunctive relief arising out of a conspiracy among Defendants Town of Wilmington, Michael Begonis and xpedx to deprive Plaintiff and its members of their lawful right to picket peacefully at xpedx's facility in Wilmington, Massachusetts.

## THE PARTIES

2. Plaintiff Teamsters Local Union No. 25, International Brotherhood of Teamsters ("Local 25") is an unincorporated labor organization established under the National Labor Relations Act to represent employees in collective bargaining. Local 25's principal office is located at 544 Main Street, Boston, MA 02129.

3. Xpedx operates a warehouse and delivers paper products and office supplies from its 613 Main Street, Wilmington, MA location.

4. The Town of Wilmington ("Wilmington") is a municipality in the Commonwealth of Massachusetts. The Wilmington Town Hall is located at 121 Glen Road, Wilmington, MA.

5. Chief Michael R. Begonis ("Chief Begonis") is the Chief of the Wilmington Police Department, which is located at 1 Adelaide Street, Wilmington, MA. Chief Begonis is in charge of the operations of the Wilmington Police Department.

## JURISDICTION AND VENUE

6. This is an action for injunctive relief brought pursuant to 42 U.S.C. § 1983 and §1985 arising from a conspiracy among Defendants Town of Wilmington, Michael Begonis, and xpedx to deprive Plaintiff Teamsters Local Union No. 25 and its members' rights under the National Labor Relations Act, 29 U.S.C., § 151, et seq., and the United States Constitution to engage in peaceful picketing in conjunction with a strike against Defendant xpedx.

7. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

## FACTS

8. Local 25 and xpedx were parties to a collective bargaining agreement that, by its terms, expired at midnight on September 30, 2012.

9. On or about October 1, 2012, Local 25 and its members commenced a strike at the xpedx location in Wilmington, MA. As part of its strike activities, Local 25, on or about October 1, 2012, commenced picketing at the xpedx Wilmington, MA location.

10. Local 25's right to engage in peaceful picketing is guaranteed to it by the First Amendment to the United States Constitution and by the National Labor Relations Act.

11. At all times since October 1, 2012, Local 25 and its members have engaged in lawful and peaceful picketing at the Wilmington, MA location.

12. Since on or about October 1, 2012, the Town of Wilmington has provided a police detail consisting of approximately eight police officers per shift, for twenty-four hours per day, Monday through Friday, and five police officers per shift, for twenty-four hours per day, Saturday and Sunday, to monitor the picket line at xpedx's Wilmington facility.

13. Beginning on or about October 1, 2012, the Town of Wilmington's police officers, at the direction and under orders from Defendant Chief of Police Michael Begonis, have unlawfully prevented and denied members of Plaintiff Union to safely and peacefully picket in front of the entrance to xpedx's Wilmington facility.

14. Specifically, Defendant Town of Wilmington and Chief of Police Michael Begonis have denied and infringed upon the rights of picketing members of the Union to lawfully picket in front of Defendant xpedx's facility by requiring the cessation of picketing upon orders of the police officers whenever an approaching non-striking employee or member of the public is within eyesight of the entrance to the facility.

15. Xpedx has conferred on a daily basis with Defendant Chief of Police Michael Begonis concerning the Union's picketing activities, and has directed the Police of Chief to have the Town's police officers deny the picketers their rights under the

National Labor Relations Act and the First Amendment of the United States Constitution to strike, picket, and engage in the expression of free speech.

16. Defendants Town of Wilmington and Chief of Police Michael R. Begonis have an established pattern or practice of deliberate indifference to the rights of striking employees to peacefully picket.

17. Defendant Chief of Police Michael R. Begonis is the final decision maker for all policy and procedures of the Wilmington Police Department, including with respect to the handling of strikes and pickets.

18. Despite the peaceful nature of the picketing engaged in by Local 25 and its members, xpedx, the Town of Wilmington and Chief Begonis have conspired to prevent picketing at the entrance of the xpedx property whenever a vehicle approaches the property with intent to enter the property.

19. As a matter of constant policy and as a result of the conspiracy alleged in paragraph 16, Chief Begonis and the Wilmington Police Department unlawfully refused to permit Local 25 and its members to picket as vehicles and individuals enter the property.

20. The Massachusetts Municipal Police Institute, in its policy and procedure guidelines, provides that local police departments permit picketers a "reasonable time" to comply with police officers' instructions regarding moving aside to allow others to pass through the picket line.

21. Indeed, the Massachusetts Municipal Police Institute, in its policy and procedures guidelines, notes that persons entering or leaving the site of a strike "should anticipate that their passage may be subject to a reasonable delay."

22. Despite the instructions of the Massachusetts Municipal Police Institute, in its policy and procedures guidelines, xpedx, the Town of Wilmington and Chief Begonis have consistently refused to permit lawful and peaceful picketing at the xpedx location by insisting that the striking employees of xpedx cease picketing as vehicles and individuals seek to enter into the property.

## COUNT ONE AS AGAINST TOWN OF WILMINGTON

23. Plaintiff hereby incorporates and re-alleges the allegations of paragraphs 1 through 23 as if fully stated herein.

24. Defendant Town of Wilmington, through its agents, the police officers of the Town of Wilmington, and at the direction of Defendant Police of Chief Michael Begonis, have violated Plaintiff's and its members' constitutional rights and rights under the National Labor Relations Act to peacefully picket during the course of a strike against Defendant xpedx.

25. By following a deliberate policy of having its police officers, at the direction of the Chief of Police, require the immediate cessation of picketing whenever a non-striking employee or member of the public approaches the facility, the Town and Chief of Police are violating Plaintiff's constitutional rights and rights under the National Labor Relations Act to peacefully picket in furtherance of its strike against Defendant xpedx, in violation of 42 U.S.C. § 1983.

## COUNT TWO AS AGAINST TOWN OF WILMINGTON AND XPEDX

26. Plaintiff hereby incorporates and re-alleges the allegations of paragraphs 1 through 26 as if fully stated herein.

27. The Town of Wilmington, through its police officers, and at the direction of Chief of Police Michael Begonis, and xpedx and its agents, have conspired to prevent Plaintiff Teamsters Local Union No. 25 and its members from exercising their constitutional right to free speech and right to lawfully picket and strike under the National Labor Relations Act as described herein, in violation of 42 U.S.C. §1983 and §1985.

28. The alleged misconduct by the Chief of Police and the Town's police officers to prevent Plaintiff from peacefully picketing in front of the entrance to xpedx's facility was committed in furtherance of the conspiracy and the Town of Wilmington and Michael Begonis knew or should have known that the actions of its police officers were unlawful and in violation of the National Labor Relations Act and the Constitution of the United States.

WHEREFORE, Local 25 respectfully requests that the Court:

1. Issue a temporary restraining order directing Chief Begonis, the Town of Wilmington and xpedx to permit the striking employees of xpedx to engage in peaceful and lawful picketing at the xpedx Wilmington, MA location;

2. Issue a temporary restraining order that prevents the Town of Wilmington and Chief Begonis from requiring that Local 25's lawful and peaceful picketing be terminated as vehicles approach the facility or individuals enter the property;

3. Award Local 25 its costs and attorney's fees;

4. Award Local 25 any other relief deemed proper by the Court.

Respectfully submitted,

For the Plaintiff,
Teamsters Local Union No. 25,
International Brotherhood of Teamsters

By its attorneys,

/s/ Michael A. Feinberg
Michael A. Feinberg, Esq.
BBO # 161400
Feinberg, Campbell & Zack, P.C.
177 Milk Street, 3rd Floor
Boston, MA 02109
(617) 338-1976 (v)
(617) 338-7070 (f)
maf@fczlaw.com

/s/ Jonathan M. Conti
Jonathan M. Conti, Esq.
MA BBO # 657163
Feinberg, Campbell & Zack, P.C.
177 Milk Street, 3rd Floor
Boston, MA 02109
(617) 338-1976 (v)
(617) 338-7070 (f)
jmc@fczlaw.com